IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **JAY CONNOR,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>**LEE AUTO GROUP TAMPA INC.,**<br><br>*Defendant.* | Case No.<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

1

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Jay Connor ("Plaintiff") brings this action alleging Defendant Lee Auto Group Tampa Inc. ("Defendant") violated the TCPA for contacting his number that he placed on the National Do Not Call Registry.

4. Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq*.

5. The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as Plaintiff's was prior to receiving the call.

6. Plaintiff and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

7. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

8. Plaintiff resides in South Carolina.

9. Defendant is a corporation headquartered in Fort Myers, Florida.

## Jurisdiction & Venue

10. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the SCTPPA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

11. The Court has specific personal jurisdiction over Defendant because the Defendant resides here and the calls at issue were made from this District.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the calls to Plaintiff—occurred from this District.

## Statutory Background

### TCPA

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

15. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. FCC regulations also expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do not call list. 47 C.F.R. § 64.1200(d).

19. Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

20. To engage in telemarketing, a company's do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6).

21. One of them is maintaining an internal do not call list. *Id*. at § (d)(6).

22. Another is training personnel regarding the existence and use of the internal do not call list. *Id*. at § (d)(2).

23. And still another is recording do not call requests and complying with them. *Id*. at § (d)(3).

24. If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

25. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## SCTPPA

26. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. Se*

27. The SCTPPA prohibits, inter alia, a party from initiating, or causing to initiate, a telephone solicitation directed to a telephone number when a person at that telephone number previously stated a desire not to be contacted again by or on behalf of the person on whose behalf the telephone solicitation is being made. *See* S.C. Code § 37-21-70(A).

28. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80.

**Factual Allegations**

Calls to Plaintiff

29. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

30. Plaintiff's telephone number, (843) 557-XXXX, is for personal calls.

31. The telephone number is Plaintiff's residential line.

32. The telephone number is not used for business purposes.

33. In late November and early December 2025, Plaintiff was in the process of looking for a car to purchase and made an inquiry.

34. On December 1, 2025, Plaintiff received a call back from Defendant's salesman, Christian Soto. Plaintiff requested the "total" price of the specific car offered by Lee Auto Group that he had found on cars.com.

35. Later that day, Mr. Soto emailed Plaintiff a quote for the car that was higher than the listed price after extra dealer fees, and more expensive than the price Plaintiff had expected.

36. Plaintiff replied to Mr. Soto's email quote acknowledging receipt of the quote, thanked him for the quote, and instructed Defendant to not call or text his number.

37. Despite Plaintiff's request, Defendant called him again that day.

38. Plaintiff did not answer.

39. Subsequently that day Plaintiff received a text message from Defendant requesting permission to text Plaintiff.

40. Plaintiff replied "STOP" and received an automated text message from Defendant acknowledging receipt.

41. The text messages are provided below:





10

42. Plaintiff then received several more emails from Defendant on December 1, 2025.

43. On December 2, 2025, Plaintiff received a call from Mr. Soto.

44. Plaintiff told him to stop calling.

45. Despite his request, Plaintiff received another call from Mr. Soto on December 6, 2025.

46. Plaintiff again told Mr. Soto to stop calling him.

47. Defendant, however, did not stop, and Plaintiff received three more text messages from Defendant on December 6, December 7, and December 8, 2025.

48. The purpose of the calls was to solicit the Defendant's business.

49. The calls and texts to Plaintiff after his Do Not Call request were unwanted.

50. These calls were nonconsensual encounters.

51. Plaintiff's privacy has been violated by the above-described telemarketing calls.

52. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, and their privacy was improperly invaded. Furthermore, the calls unnecessarily used battery life, storage space, bandwidth, and wear and tear.

53. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

54. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

55. The classes of persons Plaintiff propose to represent are tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone number was listed on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Internal Do Not Call Registry Class**: All persons in the United States (1) who received more than one telemarketing call from or on behalf of Defendant, (2) within a 12-month period, (3) including at least one call after Defendant's records reflect a request not to be called, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **SCTPPA Do Not Call Registry Class**: All persons with a South Carolina area code to whom (1) listed the number on the National Do Not Call Registry (2) but who received a telemarketing call from or on behalf of Defendant (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

56. Excluded from the classes is the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

57. The classes as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

58. The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

59. Plaintiff is a member of all classes.

60. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether the Defendant violated the TCPA by calling individuals that had asked to previously no longer receive calls;

    b. Whether the Defendant placed calls without obtaining the recipients' prior consent for the call;

    c. Whether the Defendant violated the SCTPPA by making calls to South Carolina telephone numbers registered with the National Do Not Call Registry; and

    d. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

61. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the classes, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

62. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

63. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

64. The actions of the Defendant are generally applicable to the classes and to the Plaintiff.

65. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

66. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On behalf of Plaintiff and the National Do Not Call Registry Class)

67. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

68. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

69. Defendant's violations were negligent, willful, or knowing.

70. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

71. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its

affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## Count Two
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c))
### (On Behalf of Plaintiff and the Internal Do Not Call Registry Class)

72. Plaintiff repeats the allegations of paragraphs 1-66 of this Complaint and incorporates them by reference herein.

73. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made.

Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called with the name of the individual caller, the name of the person or on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

74. Defendant placed calls to Plaintiff and members of the Class without implementing internal procedures for maintaining a list of persons who request not

to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant to initiate telemarketing calls.

75.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

76.     The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to up to $1,500 per violation.

### Count Three
### South Carolina Telephone Privacy Protection Act
### (Violation of the S.C. Code § 37-21-10 et. seq.)
### (On Behalf of Plaintiff and the SCTPPA Do Not Call Registry Class)

77.     Plaintiff repeats the allegations of paragraphs 1-66 of this Complaint and incorporates them by reference herein.

78.     The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a number when the consumer has previously stated a desire not to be contacted again by or on behalf of the person on whose behalf the telephone solicitation is being made. This statement may be made to a

telephone solicitor or to the person on whose behalf the telephone solicitation is being made if that person is different from the telephone solicitor. Any request not to receive telephone solicitations must be honored for at least five years from the time the request is made.

79. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## **Relief Sought**

For themselves and all class members, Plaintiff request the following relief:

    A.    Certification of the proposed classes;

    B.    Appointment of the Plaintiff as representatives of the classes;

    C.    Appointment of the undersigned counsel as counsel for the classes;

    D.    A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

    E.    An order enjoining Defendant and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

    F.    An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## Jury Trial Demand

Plaintiff requests a jury trial as to all claims of the complaint so triable.

DATED this 13th day of February, 2026.

PLAINTIFF, individually and on behalf of all others similarly situated,

/s/ Avi R. Kaufman
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel*

*Attorneys for Plaintiff and the putative Classes*