## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### Case No.: 2:26-cv-00357-SPC-DNF

JAY CONNOR, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

LEE AUTO GROUP TAMPA INC.,

      Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant, Lee Auto Group Tampa Inc. ("Defendant"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") [ECF 1], filed by Plaintiff, Jay Connor ("Plaintiff"), and states as follows, as set forth herein.

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint, and Defendant denies all allegations, declarations, claims, or assertions in the Complaint that are not expressly admitted herein. To the extent any titles, headings, or subheadings are intended to be allegations directed to Defendant, they are each denied unless expressly admitted herein.

1

## PRELIMINARY STATEMENT

1.      The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to characterize the legislative intent of the Telephone Consumer Protection Act of 1991 ("TCPA") and quote portions of the statute, which speak for themselves. Otherwise, Defendant denies the allegations in this paragraph.

2.      The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to summarize the TCPA's do-not-call provisions and quote case law emanating from the Fourth Circuit Court of Appeals, which speak for themselves. Otherwise, Defendant denies the allegations in this paragraph.

3.      Defendant admits only that Plaintiff has filed the above-styled cause of action against Defendant on the basis of alleged phone calls and text messages to Defendant despite Defendant's alleged status on the National Do-Not-Call List (the "National DNC"). Otherwise, Defendant denies the allegations in this paragraph.

4.      Defendant admits only that Plaintiff has filed the above-styled cause of action against Defendant pursuant to the South Carolina Telephone Privacy Protection Act (the "SCTPPA") on the basis of alleged phone calls and text messages to individuals on the National DNC. Otherwise, Defendant denies the allegations in this paragraph.

5.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to summarize the SCTPPA's application to the National DNC, which speaks for itself. Otherwise, Defendant denies the allegations in this paragraph.

6.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring a putative class action pursuant to the TCPA. Otherwise, Defendant denies the allegations in this paragraph.

7.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 7, including that class action disposition of the above-captioned matter is the best means for obtaining redress or that the requirements of Federal Rule of Civil Procedure 23 are satisfied in this case.

## PARTIES

8.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

9.     Admitted.

3

## JURISDICTION & VENUE

10.    Defendant admits only that subject matter jurisdiction is proper in this Court. Otherwise, Defendant denies the remaining allegations in this paragraph.

11.    Defendant admits only that it is subject to personal jurisdiction of this District. Otherwise, Defendant denies the remaining allegations in this paragraph.

12.    Defendant admits only that venue is proper in this District. Otherwise, Defendant denies the remaining allegations in this paragraph.

## STATUTORY BACKGROUND

## TCPA

13.    The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 U.S.C. § 227, which is a written statute that speaks for itself, and to characterize the TCPA's legislative intent. To the extent paragraph 13 is inconsistent with TCPA's actual language or application, it is denied.

14.    The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to characterize the legislative intent of the TCPA, which speaks for itself. Otherwise, Defendant denies the allegations in this paragraph.

15.    The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 U.S.C. § 227(c), which is a written statute that speaks for itself. To the extent paragraph 15 is inconsistent with TCPA's actual language or application, it is denied.

16.    The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to summarize the functionality of the National DNC. Otherwise, Defendant denies the allegations in this paragraph.

17.    The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 C.F.R. § 1200(d), which is a written regulation that speaks for itself. To the extent paragraph 15 is inconsistent with regulation's actual language or application, it is denied.

18.    The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 C.F.R. § 1200(d), which is a written regulation that speaks for itself. To the extent paragraph 15 is inconsistent with regulation's actual language or application, it is denied.

19. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize judicial decisions involving of 47 U.S.C. § 227(c), which are written holdings which speak for themselves. To the extent paragraph 19 is inconsistent with applicable case law, it is denied.

20. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 C.F.R. § 1200(d), which is a written regulation that speaks for itself. To the extent paragraph 20 is inconsistent with the regulation's actual language or application, it is denied.

21. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 C.F.R. § 1200(d), which is a written regulation that speaks for itself. To the extent paragraph 21 is inconsistent with the regulation's actual language or application, it is denied.

22. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 C.F.R. § 1200(d), which is a written regulation that speaks for itself. To the extent paragraph 22 is inconsistent with the regulation's actual language or application, it is denied.

23.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 C.F.R. § 1200(d), which is a written regulation that speaks for itself. To the extent paragraph 23 is inconsistent with the regulation's actual language or application, it is denied.

24.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff draws legal conclusions regarding the consequences of violating 47 U.S.C. 227 and 47 C.F.R. § 1200(d) without providing legal support. To the extent paragraph 24 is inconsistent with the statute's or regulation's actual language or application, it is denied.

25.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports summarize provisions of 47 U.S.C. 227(c) and 47 C.F.R. § 1200(d), which are written statues and regulations that speak for themselves. To the extent paragraph 25 is inconsistent with the statute's or regulation's actual language or application, it is denied.

### SCTPPA

26.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only

that Plaintiff purports to summarize the legislative history of the SCTPPA, which speaks for itself. Otherwise, Defendant denies the allegations in this paragraph.

27. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to summarize S.C. Code § 37-21-70(A), which speaks for itself. Otherwise, Defendant denies the allegations in this paragraph.

28. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to summarize S.C. Code § 37-21-80, which speaks for itself. Otherwise, Defendant denies the allegations in this paragraph.

## FACTUAL ALLEGATIONS

29. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports that he is a "person," as defined by 47 U.S.C. § 153(39).

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

33. Admitted only that Plaintiff specifically inquired about the purchase of an automobile from Defendant. Otherwise, as to any remaining allegations, including Plaintiff's alleged state of mind and intent, Defendant lacks knowledge or information sufficient to form a belief about the truth of such additional allegations in this paragraph and, on that basis, denies them.

34. Defendant admits only that Plaintiff received a call back from Defendant's salesman, Christian Soto, on December 1, 2025. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

35. Defendant admits only that Defendant's salesman, Christian Soto, sent Plaintiff an email on December 1, 2025. Otherwise, Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

39. Admitted only that Plaintiff cites to alleged messages that he incorporates into paragraph 41, which speak for themselves. Otherwise, Defendant denies the allegations of this paragraph.

40. Admitted only that Plaintiff cites to alleged messages that he incorporates into paragraph 41, which speak for themselves. Otherwise, Defendant denies the allegations of this paragraph.

41. Admitted only that Plaintiff cites to alleged messages that he incorporates into paragraph 41, which speak for themselves. Otherwise, Defendant denies the allegations of this paragraph.

42. Admitted.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

47. Defendant denies the allegations in this paragraph.

48.    Defendant admits that its representative contacted Plaintiff in connection with Plaintiff's inquiry about a vehicle offered by Defendant. Defendant denies any remaining allegations in paragraph 48.

49.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

50.    Defendant denies the allegations of this paragraph.

51.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 51.

52.    Defendant denies the allegations of this paragraph.

53.    Defendant denies the allegations of this paragraph.

## CLASS ACTION ALLEGATIONS

54.    The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23. Defendant denies that Plaintiff satisfies Federal Rule of Civil Procedure 23(b)'s requirements for class certification and further denies that Plaintiff is entitled to represent any class. Otherwise, Defendant denies the allegations in this paragraph.

11

55. Defendant admits only that Plaintiff purports to seek certification of the putative "National Do Not Call Registry Class," "Internal Do Not Call Registry Class," and "SCTPPA Do Not Call Registry Class," as described in paragraph 55. Defendant denies that proposed classes satisfy Federal Rule of Civil Procedure 23(b)'s requirements for class certification. Otherwise, Defendant denies the allegations in this paragraph.

56. Defendant admits that Plaintiff purports to define the putative classes to exclude certain categories of individuals. Defendant denies that any class should be certified in this action and denies the remaining allegations of paragraph 56.

57. Defendant denies the allegations in this paragraph.

58. Defendant denies the allegations in this paragraph.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

60. Defendant denies the allegations in this paragraph, including subparagraphs (a) through (d).

61. Defendant denies the allegations in this paragraph.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

12

64.     Defendant denies the allegations in this paragraph.

65.     Defendant denies the allegations in this paragraph.

66.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

## LEGAL CLAIMS

### Count One
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On behalf of Plaintiff and the National Do Not Call Registry Class)

67.     Defendant incorporates by reference its responses to paragraphs 1 through 66 as if fully set forth herein.

68.     Defendant denies the allegations in this paragraph.

69.     Defendant denies the allegations in this paragraph.

70.     Defendant denies the allegations in this paragraph.

71.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### Count Two
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c))
### (On behalf of Plaintiff and the Internal Do Not Call Registry Class)

72.     Defendant incorporates by reference its responses to paragraphs 1 through 66 as if fully set forth herein.

13

73.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote the Code of Federal Regulation, section 64.1200(d), which is a written regulation which speaks for itself. Otherwise, Defendant denies the allegations in this paragraph.

74.     Defendant denies the allegations in this paragraph.

75.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote the TCPA, section 227(c)(5), which is a written statute which speaks for itself. Otherwise, Defendant denies the allegations in this paragraph.

76.     Defendant denies the allegations in this paragraph.

### Count Three
### South Carolina Telephone Privacy Protection Act
**(Violations of the S.C. Code § 37-21-10 et. seq.)**
**(On behalf of Plaintiff and the SCTPPA Do Not Call Registry Class)**

77.     Defendant incorporates by reference its responses to paragraphs 1 through 66 as if fully set forth herein.

78.     The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to summarize uncited portions of the SCTPPA, which speaks for themselves. Otherwise, Defendant denies the allegations in this paragraph.

14

79.    The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote the S.C. Code § 37-21-80, which is a written statute which speaks for itself. Defendant denies that Plaintiff is an aggrieved individual and that Plaintiff is entitled to recover damages. Otherwise, Defendant denies the allegations in this paragraph.

### [RESPONSE TO PLAINTIFF'S] RELIEF SOUGHT

Defendant denies the allegations in Plaintiff's "Relief Sought" section, including every allegation in subparagraphs (A) through (H). Defendant further denies that Plaintiff is entitled to class certification as a class representative, any declaratory relief, statutory damages, equitable relief, injunctive relief, attorneys' fees, costs, or other relief whatsoever

### [RESPONSE TO PLAINTIFF'S] JURY TRIAL DEMAND

Defendant admits that Plaintiff has demanded a trial by jury. Defendant also demands a trial by jury on all issues so triable.

*[Remainder of page intentionally left blank; Defendant's Affirmative Defenses begin on the following page]*

## AFFIRMATIVE DEFENSES

Defendant asserts, intends to rely upon, and otherwise preserves the following affirmative and legal defenses in response to the claims and allegations set forth in the Complaint and respectfully reserves the right to assert other defenses if facts learned in discovery warrant such amendment. Defendant reserves the right to assert additional affirmative defenses as they become apparent through discovery and further investigation.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

To the extent Plaintiff seeks to impose liability under 47 U.S.C. § 227(c)(5) based on text messages received from Defendant, those claims fail as a matter of law because text messages do not constitute "telephone calls" within the meaning of § 227(c)(5), and the text messages alleged in the Complaint cannot therefore serve as predicate violations under that provision or contribute to any calculation of liability or damages thereunder. The Complaint further fails to allege facts sufficient to support any claim for treble or enhanced damages under the TCPA or the SCTPPA, as the conclusory allegation that Defendant's conduct was "negligent, willful, or knowing" does not satisfy applicable pleading standards and is insufficient to support an award above the statutory minimum. Finally, Plaintiff's request for injunctive relief is barred because Plaintiff has not alleged, and cannot demonstrate,

16

any imminent likelihood of future harm. Absent a concrete and imminent threat of future injury, injunctive relief is unavailable as a matter of law.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Satisfy Rule 23 of the Federal Rules of Civil Procedure)

The Complaint fails to satisfy the rigorous prerequisites set forth in Federal Rule of Civil Procedure 23 and, therefore, Plaintiff cannot maintain this action as a class action. Individualized inquiries will overshadow any common issues, including but not limited to: (i) whether each putative class member's phone number was used for residential versus business purposes; (ii) the presence of individualized consent and opt-in histories; (iii) whether the method of revocation used by each class member was reasonable and legally effective, including Plaintiff's use of email to opt-out; and (iv) evaluating the differing experiences of the Plaintiff from the alleged putative class, thereby undercutting typicality and predominance.

## THIRD AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Plaintiff's claims are barred, in whole or in part, because the communications at issue, to the extent any were made, were permissible due to an established business relationship between Plaintiff and Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Not A Residential Number)

Plaintiff's claims are barred to the extent any phone number allegedly contacted is not residential in nature.

17

## FIFTH AFFIRMATIVE DEFENSE
### (Safe Harbor/Substantial Compliance)

Defendant is not liable because it (and/or its vendors) maintains and implements policies and procedures established to comply with the TCPA and internal Do Not Call regulations. To the extent any communication was made to Plaintiff after an opt-out request, it is excused under the "Safe Harbor" provision of 47 C.F.R. § 64.1200(c)(2), as Defendant: (a) has written procedures to comply with do-not-call rules; (b) trains personnel in those procedures; (c) maintains a list of telephone numbers that may not be contacted; and (d) any communication made was the result of a bona fide error despite the maintenance of procedures reasonably adapted to avoid any such error.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant, Lee Auto Group Tampa Inc., respectfully requests that this Court: (i) dismiss the Plaintiff's Complaint in its entirety, with prejudice; (ii) deny class certification; (iii) award Defendant its costs of suit and attorneys' fees incurred in the defense of this lawsuit; and (iv) provide for such other and further relief as the Court deems just and proper.

**JIMERSON BIRR, P.A.**

By: */s/ Daniel C. Self*
 Daniel C. Self
 Florida Bar No. 1069217
 dself@jimersonfirm.com
 Ty D. Robare
 Florida Bar No. 1054101
 trobare@jimersonfirm.com
 701 Riverside Park Pl.
 Jacksonville, FL 32204
 Telephone: (904) 389-0050
 Facsimile: (904) 212-1269
 dorothyo@jimersonfirm.com
 *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document

has been served on all counsel of record electronically via CM/ECF, if designated,

or via U.S. mail, this 1st day of April, 2026.

  */s/ Daniel C. Self*
  Attorney

19